IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| BEVERLY J. FALKNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 13-2025-JDT-cgc |
| | ) | |
| ARROW CAB COMPANY, | ) | |
| and its owners, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| BEVERLY J. FALKNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 13-2463-JDT-cgc |
| | ) | |
| ARROW CAB COMPANY, | ) | |
| and its owners, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION
ORDER OF DISMISSAL
ORDER CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Plaintiff Beverly J. Falkner, a resident of Memphis, Tennessee, filed a *pro se* civil complaint on January 11, 2013, and a motion for leave to proceed *in forma pauperis*. (No. 13-2025, Docket Entries 1 & 2.) The Court subsequently granted leave to proceed *in forma pauperis*. (*Id.*, D.E. 4.) Plaintiff filed an almost identical complaint on June 25, 2013, also accompanied by a motion to

proceed *in forma pauperis*. (No. 13-2463, D.E. 1 & 2.) United States Magistrate Judge Charmiane G. Claxton granted leave to proceed *in forma pauperis* in that case as well. (*Id.*, D.E. 13.)[1]

On June 3, 2014, Magistrate Judge Claxton issued a Report and Recommendation ("R&R") in which she recommended that both cases be dismissed *sua sponte*. (No. 13-2025, D.E. 37; No. 13-2463, D.E. 23.) Objections to that R&R were due within 14 days. *See* Fed. R. Civ. P. 72(b)(2). However, on June 25, 2014, Plaintiff's copy of the R&R, sent to her address of record, was returned as undeliverable marked "return to sender" and "unable to forward." (No. 13-2025, D.E. 38-1.) No change of address has been filed.

Plaintiff alleges[2] that she worked as a cab driver for Defendant beginning on November 15, 2012 and signed a contract with Defendant on November 13, 2012. She contends she was not receiving calls for trips from the dispatcher even though other drivers were receiving calls. Consequently, she fell behind on her lease payments for the cab and had to return the cab to Defendant on December 26, 2012. She seeks compensatory damages. Magistrate Judge Claxton has recommended that the complaint be dismissed without prejudice prior to service of process for lack of subject-matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1) and (h)(3). Having reviewed the complaint and the law, the Court agrees with Magistrate Judge Claxton's recommendation for dismissal. Plaintiff has not demonstrated that there is either federal question jurisdiction or diversity jurisdiction in this case.

---

[1] The U.S. Magistrate Judge assigned to these cases is responsible for case management and handling of all pretrial matters by determination or by report and recommendation, as appropriate. *See* Admin. Order 2013-05; *see also* No. 13-2025 (W.D. Tenn. Mar. 27, 2013) (Order Referring Cases, D.E. 29).

[2] The Magistrate Judge noted that the only differences in the complaints in these cases are that in No. 13-2463, paragraph 18 was crossed out, the ad damnum clause was modified, and Plaintiff's address had changed. (No. 13-2463, D.E. 1 at 4 & ¶¶ 18-19.)

Although the Magistrate Judge has recommended the case specifically be dismissed without prejudice, it is unnecessary to make that designation. Unlike a dismissal for failure to state a claim, a dismissal for lack of subject matter jurisdiction by definition "does not operate as a merits adjudication and is presumably granted without prejudice." *See Allstate Ins. Co. v. Global Med. Billing, Inc.*, 520 F. App'x 409, 411 (6th Cir. 2013) (citing *Pratt v. Ventas, Inc.*, 365 F.3d 514, 522-23 (6th Cir. 2004)); *Wilkins v. Jakeway*, 183 F.3d 528, 533 n.6 (6th Cir. 1999) ("merely because one court does not have jurisdiction over a dispute does not necessarily mean that another court is precluded from properly exercising jurisdiction over the matter"). Therefore, the Court ADOPTS the R&R, as so modified, and hereby DISMISSES these cases for lack of subject-matter jurisdiction.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should she seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, she may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to

3

support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, she must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.[3]

The Clerk is directed to prepare a judgment for each case.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[3] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this Court. A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit. Unless she is specifically instructed to do so, Plaintiff should not send to this Court copies of documents and motions intended for filing in the Sixth Circuit.